## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Charlie Lewis,

    Plaintiff,

v.

State of Minnesota, Hennipen County,[1]
District Attorney Office,

    Defendants.

Civ. No. 17-5479 (DWF/BRT)

**REPORT AND RECOMMENDATION**

Charlie Lewis, #227047, Minnesota Correctional Facility, 970 Pickett St. N., Bayport, MN 55003, *pro se* Plaintiff.

Jason Marisam, Esq., Assistant Attorney General, Office of the Attorney General, counsel for Defendant State of Minnesota.

Christiana Martenson, Esq., Hennepin County Attorney's Office, counsel for Hennepin County.

BECKY R. THORSON, United States Magistrate Judge.

    *Pro se* Plaintiff Charlie Lewis brings this lawsuit under 42 U.S.C. § 1983 alleging that he was wrongfully imprisoned pursuant to a 2008 conviction for first-and-third-degree sexual assault. (Doc. No. 1, Compl.) Defendants the State of Minnesota, Hennepin County, and the Hennepin County District Attorney's Office move to dismiss. (Doc. Nos.

---

[1] Plaintiff misspelled Hennepin County in his complaint. The Court will recommend that the Clerk of Court correct the spelling in the case caption.

16, 24.)[2] For the reasons stated below, this Court recommends that the motions be granted.

## I.     Background

On January 4, 2008, Plaintiff was charged with one count of first-degree criminal sexual conduct and one count of third-degree criminal sexual conduct. *See State v. Lewis*, Case No. 27-CR-08-597 (Hennepin Cnty. Dist. Ct. 2008). The Hennepin County Attorney's Office prosecuted the case on behalf of the State of Minnesota. On July 1, 2008, after a trial, a jury found Plaintiff guilty on both counts. *Id.* Plaintiff appealed.

On December 1, 2009, the Minnesota Court of Appeals determined that Plaintiff, who represented himself at trial, did not validly waive his right to counsel. *State v. Lewis*, No. A08-1956, 2009 WL 4251062, at *2–4 (Minn. Ct. App. Dec. 1, 2009). The appellate court reversed Plaintiff's conviction and remanded for a new trial. *Id.* at *8.

In a separate case, on February 19, 2010, Plaintiff was charged with two counts of first-degree criminal sexual conduct, based on events separate from those underlying the earlier case. *State v. Lewis*, Case No. 27-CR-10-7607 (Hennepin Cnty. Dist. Ct. 2010). After a trial, a jury found Plaintiff guilty of one count of first-degree criminal sexual conduct. *Id.*; *State v. Lewis*, Case No. A12-1532, 2013 WL 3368431, at *3 (Minn. Ct. App. July 8, 2013). On May 30, 2012, Plaintiff was sentenced to 240 months imprisonment. *Id.* at *3. On the same day, the prosecutor dismissed all charges in Case

---

[2]     Plaintiff also filed a Motion to Deny Defendants' Motions to Dismiss. (Doc. No. 31.) The Court construed this motion as Plaintiff's opposition to Defendants' Motions to Dismiss and considered it when making this Report and Recommendation.

No. 27-CR-08-597. (Doc. No. 18, Declaration of Christiana M. Martenson ("Martenson Decl.") ¶ 3, Ex. C.) Plaintiff appealed, and the Minnesota Court of Appeals affirmed the conviction and sentence. *Lewis*, 2013 WL 3369431, at *8.

Plaintiff claims that he was wrongfully incarcerated pursuant to his conviction that was eventually reversed in Case No. 27-CR-08-597. (*See* Compl.) Hennepin County argues that Plaintiff's claims fail because they are time-barred; Plaintiff fails to allege that any Hennepin County policy or custom violated his constitutional rights; and if Plaintiff were to name an individual prosecutor as a defendant, the prosecutor would be entitled to absolute prosecutorial immunity. (Doc. No. 17, Hennepin County Mem.) Hennepin County also argues that, to the extent Plaintiff is attempting to sue the Hennepin County District Attorney's Office, any such claims should be dismissed because the Hennepin County District Attorney's Office is not a suable legal entity. (*Id.* at 1 n.1.) The State of Minnesota argues that the Complaint fails to state a claim against the State, and any such claim would be barred by sovereign immunity. (Doc. No. 26, State of Minnesota's Mem.)

## II. Analysis

### A. Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). *Pro se* pleadings should be construed liberally, but they "may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### B.    Plaintiff's Claims are Time-Barred

The statute of limitations for actions under 42 U.S.C. § 1983 in Minnesota is six years. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 n.5 (8th Cir. 1995) ("In Minnesota, § 1983 claims are governed by the six-year limitations period of Minnesota's personal-injury statute."). Plaintiff's claim began to accrue on December 1, 2009, when the Minnesota Court of Appeals reversed his conviction in Case No. 27-CR-08-597 and remanded to the district court. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994) ("[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."); *Winslow v. Smith*, 672 F. Supp. 2d 949, 961 (D. Neb. 2009) ("'[T]he *Heck* rule for deferred accrual . . . delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn.'") (quoting *Wallace v. Kato*, 549 U.S. 384, 393 (2007)).) This action, filed on

4

December 18, 2017, is therefore time-barred because it was filed two years after the limitations period expired in 2015.[3]

### C. Hennepin County District Attorney's Office is Not a Suable Entity

Plaintiff lists "District Attorney Office" as one of the Defendants in this case. (*See* Compl.) To the extent Plaintiff is attempting to sue the Hennepin County Attorney's Office, such a claim must be dismissed because it is not a legal entity that can be sued. *See Eaton v. Minnesota Attorney General's Office*, Civ. No. 10-1804, 2010 WL 3724398, at *5 (D. Minn. Aug. 26, 2010) ("[T]he Hennepin County Attorney's Office is not a cognizable legal entity that is suable as such. It is an operational department of Hennepin County and not a separate legal entity. No statute grants the Hennepin County Attorney's Office the power to sue or be sued.").

### D. Plaintiff Fails to State a Claim against the State of Minnesota

Plaintiff's claim, as discussed above, arises from the prosecution brought against him by Hennepin County. Plaintiff does not allege any involvement by the State of Minnesota. Counties are independent from the State, and the State cannot be vicariously liable for the actions of its political subdivisions. *See Clos v. Minnesota*, No. 06-4916, 2007 WL 3046229, at *1 (D. Minn. Oct. 16, 2007) (finding that the State "cannot be vicariously liable for the allegedly discriminatory actions of" a county in the absence of allegations that the county was "under the control" of the State). Plaintiff's claim against the State is also barred by the Eleventh Amendment. *See Hadley v. N. Ark. Cmt. Tech.*

---

[3] The State of Minnesota does not raise the statute of limitations as a defense, but all of Plaintiff's claims are time-barred, not just those brought against Hennepin County.

*Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996) ("The Eleventh Amendment immunizes an unconsenting state from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action. Section 1983 does not override Eleventh Amendment immunity.").

## RECOMMENDATION

Based on the foregoing, and also on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Clerk of Court be directed to correct the spelling of Hennepin County in the case caption;

2. Hennepin County's Motion to Dismiss (Doc. No. 16) be **GRANTED**;

3. State of Minnesota's Motion to Dismiss (Doc. No. 24) be **GRANTED**;

4. Plaintiff's Motion to Deny Defendants' Motions to Dismiss (Doc. No. 31) be **DENIED**; and

5. That judgment be entered accordingly.

Date: October 5, 2018.              *s/ Becky R. Thorson*_____
                                     BECKY R. THORSON
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).